**FILED**

DEC **22** 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT CLARKSBURG

| | | |
|---|---|---|
| COMVEST CAPITAL, LLC<br>P.O. Box 2025<br>Clarksburg, West Virginia 26302 | ) )<br>) )<br>) ) | |
| Plaintiffs, | ) )<br>) ) | |
| vs. | ) )<br>) ) | Civil Action No. *1:09cv 170* |
| KSD ENTERPRISES, LLC<br>P.O. Box 747<br>Clarksburg, West Virginia 26302 | ) )<br>) )<br>) ) | |
| Defendant. | ) )<br>) )<br>) )<br>) ) | **COMPLAINT FOR BREACH OF<br>CONTRACT, PATENT INFRINGEMENT<br>AND CONVERSION** |

## <u>Complaint</u>

Plaintiff Comvest Capital, LLC (f/d/b/a Comvest Export Capital) ("Comvest"), by and through their undersigned attorneys, states the following Complaint against Defendant KSD Enterprises, LLC ("KSD"), based on personal belief and knowledge as to themselves and on information and belief as to the conduct of KSD, as follows:

### <u>Nature of the Action</u>

1.      This is an action for patent infringement in violation of 35 U.S.C. § 271(a), (b) and (c).

2.      Further, this is an action for claims of breach of contract and conversion, the joinder of such claims being proper under Fed. R. Civ. P. 18(a).

## The Parties

3.      Comvest is a West Virginia limited liability company whose mailing address is P.O. Box 2025, Clarksburg, West Virginia 26302, and whose facility address is 735 Genesis Boulevard, Bridgeport, WV  26330.

4.      On information and belief, KSD is a West Virginia limited liability company whose mailing address is P.O. Box 747, Clarksburg, West Virginia 26302 and whose facility address is Old Route 50E, Clarksburg, WV 26301.

## Jurisdiction and Venue

5.      This Court has original jurisdiction over the subject matter of the patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has supplemental jurisdiction over the subject matter of the breach of contract and conversion causes of action pursuant to 28 U.S.C. § 1367.

7.      This Court has general, personal jurisdiction over KSD due to the substantial business that KSD conducts within the state of West Virginia.

8.      Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) and (c) because, among other reasons, KSD is subject to personal jurisdiction here and a substantial part of the events giving rise to the claims occurred in this judicial district.

## The Infringed Patent

9.      The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,578,559 B2 ("the '559 Patent") entitled "Methane Gas Control System" on June 17, 2003.  A copy of the '559 Patent is attached as Exhibit A.

10.      The '559 Patent claims a system and method directed to elimination of methane

gas from a source. The patented invention utilizes a blower that generates an air stream from which methane fuel is collected. A heated dryer powered by an engine eliminates moisture from the fuel, where the fuel is then used to power the engine, such that the system is powered in part by methane gas extracted from the source. The system also includes a regulator that controls the flow of air to the engine.

11.    Comvest owns all right, title and interest in the '559 Patent via assignment.

## Actions Giving Rise to this Complaint

12.    On August 31, 2000, Hadoga Industries, Inc., a West Virginia corporation ("Hadoga"), prepared and filed a U.S. provisional patent application, serial number 60/229,054 ("Provisional Application").

13.    Hadoga entered into a marketing agreement with Comvest, effective as of July 11, 2000 and attached hereto as Exhibit B (the "First Marketing Agreement"). Under this First Marketing Agreement, Hadoga appointed Comvest as its exclusive agent in marketing of the portable methane gas borehole extractor (the "Extractor"), for which Hadoga had applied the Provisional Application. Under the First Marketing Agreement, Comvest received compensation of not less than ten percent (10%) nor greater than twenty percent (20%) of the purchase price of each Extractor sold.

14.    Commencing on July 11, 2000, Hadoga paid Comvest marketing fees of ten percent (10%) of the retail price of the Extractors sold in consideration of Comvest's marketing services.

15.    Comvest and Hadoga entered into a second marketing agreement agreement, the Authorization and Agreement effective August 1, 2000 and attached hereto as Exhibit C (the

"Second Marketing Agreement"), with substantially the same terms as the First Marketing Agreement, but which excluded certain identified customers from the marketing arrangement. By its terms, this Second Marketing Agreement was to be binding upon all of the parties' successors, heirs and assigns.

16.     Commencing on August 1, 2000, Hadoga paid Comvest marketing fees of ten percent (10%) of the retail price of the Extractors sold in consideration of Comvest's marketing services.

17.     On August 31, 2001, Hadoga prepared and filed a U.S. non-provisional patent application, serial number 09/944,914 ("Non-Provisional Application") which claimed priority to the Provisional Application.

18.     On March 18, 2003, Hadoga assigned the Non-Provisional Application to Comvest Export Capital Co., Inc., which subsequently assigned its rights to the '559 Patent to Comvest Capital, LLC.  In consideration of such assignment, Comvest Export Capital, LLC (and later Comvest Capital, LLC) was to pay to Hadoga the sum of two thousand dollars ($2,000) for each Extractor sold until Hadoga had been paid a total of twenty thousand dollars ($20,000). After Hadoga received the final payment of the twenty thousand dollars ($20,000) sum, no further payments were due from Comvest to Hadoga.

19.     After the assignment, Comvest continued to receive marketing fees of ten percent (10%) of the retail price of the Extractors sold in consideration of Comvest's marketing services. Hadoga received a credit of two thousand dollars ($2,000) on the marketing fee due to Comvest for each Extractor until Comvest paid the total purchase price of twenty thousand dollars ($20,000) from Hadoga.

20.     On June 17, 2003, the Non-Provisional Application was issued as the '559 Patent.

21.     On August 6, 2003, Hadoga entered into Chapter 11 bankruptcy.  In connection with this bankruptcy, Hadoga sold assets including five trucks, machine shop equipment, office equipment and other property (the "Assets") to KSD on March 16, 2004.  KSD, on the same day of March 16, 2004, sold the Assets to Comvest.  Since March 16, 2004, KSD has leased such Assets from Comvest and continued the same business as Hadoga.

22.     KSD continued the arrangement that Hadoga enjoyed with Comvest under the Second Marketing Agreement (and assumed the obligations thereunder) wherein Comvest marketed the Extractors, and KSD manufactured, serviced, and maintained the Extractors and paid Comvest ten percent (10%) of the retail price for each Extractor manufactured and sold.

23.     On or around July 1, 2009, KSD contacted Comvest and stated verbally that it would  no longer pay a royalty to Comvest for each Extractor that KSD manufactures and sells.

24.     On July 16, 2009, Comvest received a letter from Mr. Zurbuch, KSD's counsel stating that KSD would no longer pay royalties to Comvest for the manufacture and sale of Extractors.

25.     Comvest and KSD attempted to settle their dispute by negotiating a new business arrangement; however, all such attempts failed.

26.     On September 24, 2009, Comvest's counsel sent a letter to KSD demanding that KSD immediately cease and desist from all use of Comvest's proprietary technology and trade secrets, including the '559 Patent claimed inventions, with KSD's Extractors, and from using Comvest's registered trademark METHANE BUSTER, U.S. Registration Number 3,479,222, in connection with the offer for sale and sale of KSD's Extractors.

27.     Upon information belief, KSD has manufactured, offered for sale, and sold one or more Extractors since about or around July 1, 2009 and has failed to pay Comvest the required royalty.

28.     Upon further information and belief, KSD has sold a portion of the Assets without permission and without payment to Comvest.

29.     On September 22, 2004, Comvest and KSD entered into an agreement directed to two life insurance policies for Mr. Gary DisBennett, attached hereto as Exhibit D (the "Life Insurance Agreement") and Exhibit E (the "Prudential Life Insurance Policy").  The Prudential Life Insurance Policy, Prudential Insurance policy number B5009015, has a contract date of August 1, 1999 and a term period of 20 years.  Under this Prudential Life Insurance Agreement, KSD was obligated "to timely and faithfully make all premium payments on the Policies" and Comvest and KSD expressly agreed that KSD would make all such payments.

30.     Upon information and belief, KSD has ceased making premium payments for the Prudential Life Insurance Policy, resulting in such policy lapsing and exposing Comvest to extensive loss.  Comvest notified Ms. Nancy DisBennett in writing on September 9, 2009 of the failure to make the premium payments.  Comvest sought to mitigate the damages from the breach by KSD, by seeking to reinstate the policy and make payments thereon. Comvest cannot reinstate the Prudential Life Insurance Policy without further cooperation from KSD.

**COUNT I**
**BREACH OF CONTRACT**

31.     Comvest adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

32.     Comvest entered into a contract with Hadoga, and subsequently with KSD, based upon continuance of the marketing relationship established by Comvest and Hadoga under the Second Marketing Agreement.  Under this contract, Comvest provided KSD certain patent rights to Comvest's '559 Patent allowing KSD to manufacture, offer for sale and sell Extractors wherein KSD paid Comvest a royalty of ten percent (10%) of the retail price of each Extractor manufactured and sold.

33.     The contract between Comvest and Hadoga, and then KSD, commenced on March 18, 2003 with the sale of the '559 Patent from Hadoga to Comvest.

34.     Upon information and belief, since about July 1, 2009, KSD has failed to pay Comvest the royalties due under the contract for one or more sales of an Extractor, thereby breaching the contract between KSD and Comvest.

35.     Furthermore, KSD and Comvest by their conduct agreed to continue the arrangement established under the Second Marketing Agreement, wherein KSD is to compensate Comvest in an amount of ten percent (10%) of the retail price of each Extractor sold by KSD in consideration for Comvest's marketing and negotiation of sales of the Extractor to customers.

36.     Upon further information and belief, since about July 1, 2009, KSD has failed to pay Comvest the compensation due under the Second Marketing Agreement for one or more sales of an Extractor, thereby breaching the Second Marketing Agreement between KSD and Comvest.

37.     Comvest and KSD also entered into the Life Insurance Agreement in which KSD agreed to make all premium payments on two life insurance policies, including the Prudential Life Insurance Policy.  Upon information and belief, KSD has failed to timely and faithfully

make the premium payments to the Prudential Life Insurance Policy for the 20 year term period of the policy, resulting in KSD breaching the Life Insurance Agreement.

## COUNT II
## PATENT INFRINGEMENT

38.    Comvest adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

39.    Upon information and belief, KSD makes, sells and offers to sell the Extractor to KSD's customers, so as to directly infringe the '559 Patent. KSD's conduct amounts to infringement in violation of 35 U.S.C. §271(a).

40.    Upon information and belief, KSD has profited and will continue to profit from infringement of the '559 Patent.

41.    KSD's infringement of the '559 Patent has caused and will continue to cause Comvest substantial and irreparable injury, for which Comvest is entitled to receive injunctive relief and adequate compensatory damages.

42.    The actions of KSD with regard to infringement of the '559 Patent are willful such that Comvest is entitled to treble damages under 35 U.S.C. § 284.

43.    The actions of KSD with regard to infringement of the '559 Patent are exceptional such that Comvest is entitled to attorney fees under 35 U.S.C. § 285.

## COUNT III
## CONTRIBUTORY INFRINGEMENT

44.    Comvest adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

45.    Upon information and belief, KSD knowingly sells and offers to sell its Extractor

-8-

to customers who use them in a manner that infringes on the patented process claimed in the '559 Patent. KSD's conduct amounts to contributory infringement in violation of 35 U.S.C. § 271(c).

46.     Upon information and belief, KSD has profited and will continue to profit from contributing to the infringement of the '559 Patent.

47.     KSD's actions with regard to contributing to the infringement of the '559 Patent has caused and will continue to cause Comvest substantial and irreparable injury, for which Comvest is entitled to receive injunctive relief and adequate compensatory damages.

48.     The actions of KSD with regard to contributing to the infringement of the '559 Patent are willful such that Comvest is entitled to treble damages under 35 U.S.C. § 284.

49.     The actions of KSD with regard to contributing to the infringement of the '559 Patent are exceptional such that Comvest is entitled to attorney fees under 35 U.S.C. § 285.

## COUNT IV
## ACTIVE INDUCEMENT OF INFRINGEMENT

50.     Comvest adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

51.     Upon information and belief, KSD knowingly encourages and intends for its customers to use its Extractor in a manner that infringes on the patented process claimed in the '559 Patent. KSD directs its customers' use of the Extractor such that the KSD customers are directly infringing the patented method of the '559 Patent. KSD's conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b).

52.     Upon information and belief, KSD has profited and will continue to profit from actively inducing the infringement of the '559 Patent.

53.    KSD's actions with regard to actively inducing the infringement of the '559 Patent have caused and will continue to cause Comvest substantial and irreparable injury, for which Comvest is entitled to receive injunctive relief and adequate compensatory damages.

54.    KSD's actions with regard to actively inducing the infringement of the '559 Patent are willful such that Comvest is entitled to treble damages under 35 U.S.C. § 284.

55.    KSD's actions with regard to actively inducing the infringement of the '559 Patent are exceptional such that Comvest is entitled to attorney fees under 35 U.S.C. § 285.

## COUNT V
## CONVERSION

56.    Comvest adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

57.    Upon information and belief, KSD has sold a portion of the Assets owned by Comvest without the permission of Comvest, resulting in KSD retaining and profiting from any and all funds received for the unauthorized sale of a portion of the Assets.

58.    Such sale of the Assets constitutes conversion of the Assets.

**Demand For Relief**

WHEREFORE, by reason of the foregoing, Comvest requests that this Court enter judgment in its favor and for relief against KSD, as follows:

1) Declare that Comvest is the owner of the '559 Patent and that the '559 Patent is valid and enforceable;

2) Preliminarily and permanently enjoin KSD, its employees and agents, and any others acting in concert with KSD, from infringing the '559 Patent and/or contributing to and/or actively inducing the infringement of the '559 Patent;

3) Award Comvest its damages resulting from KSD's infringement, and contribution to and active inducement of the infringement, of the '559 Patent;

4) Award Comvest treble damages pursuant to 35 U.S.C. § 284 as a result of KSD's willfulness in infringing, and contributing to and actively inducing the infringement of, the '559 Patent;

5) Declare that the nature of KSD's infringement is "exceptional" pursuant to 35 U.S.C. § 285 and award Comvest its costs and attorney fees;

6) Declare that KSD is in breach of the contract with Comvest;

7) Award Comvest the royalties due under the contract for the sale of one or more Extractors;

8) Declare that KDS is in breach of the Second Marketing Agreement with Comvest;

9) Award Comvest the compensation due under the Second Marketing Agreement with Comvest;

10) Declare that KSD is in breach of the Life Insurance Agreement with Comvest;

11) Mandate KSD's reinstatement of the life insurance policies per the Life Insurance Agreement with KSD paying all costs and expenses related to such reinstatement;

12) Require KSD to return the Assets to Comvest;

13) Award Comvest damages for conversion of the portion of the Assets sold by KSD; and

14) Grant Comvest such other relief as is proper and just.

## **REQUEST FOR TRIAL BY JURY**

Comvest requests a trial by jury on all issues subject to trial by jury

Respectfully Submitted,

Gordon H. Copland (W. Va. Bar No. 828)
Michael B. Pallay (W. Va. Bar No. 9397)
STEPTOE & JOHNSON PLLC
Chase Tower, Sixth Floor
P.O. Box 2190
Clarksburg, West Virginia 26302-2190
(304) 624-8000
(304) 624-8183 (Facsimile)
*Gordon.Copland@Steptoe-Johnson.com*
*Mike.Pallay@Steptoe-Johnson.com*

Megan D. Dortenzo
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500
(216) 566-5800 (Facsimile)
*Megan.Dortenzo@ThompsonHine.com*

**Attorneys for Plaintiff Comvest Capital, LLC**

-12-