IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
at Clarksburg

| | |
|---|---|
| **COMVEST CAPITAL, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KSD ENTERPRISES, LLC**<br><br>    **Defendant.** | Civil Action 1:09-CV-170-IMK |

### KSD ENTERPRISES, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMVEST CAPITAL, LLC'S COMPLAINT

Defendant KSD Enterprises, LLC ("KSD"), by counsel, states for its Answer and Affirmative Defenses to the Complaint of Plaintiff Comvest Capital, LLC ("Comvest") as follows:

KSD now responds to Comvest's individual allegations using the same paragraph numbers that appear in the Complaint. All factual allegations not expressly admitted below are denied.

### NATURE OF THE ACTION

1. KSD admits that the Complaint alleges patent infringement, but denies that there is any legal or factual basis for any such complaint or that Plaintiff is entitled to any damages or relief.

2. KSD admits that the Complaint further alleges breach of contract and conversion, but denies that there is any legal or factual basis for any such claims or that Plaintiff is entitled to any damages or relief.

## PARTIES

3. Based on assertions by Comvest in the Complaint, Comvest is a West Virginia limited liability company whose mailing address is P.O. Box 2025, Clarksburg, West Virginia 26302, and whose facility address is 735 Genesis Boulevard, Bridgeport, West Virginia 26330.

4. KSD admits that it is a West Virginia limited liability company whose mailing address is P.O. Box 747, Clarksburg, West Virginia 26302, and whose facility address is Old Route 50E, Clarksburg, West Virginia 26301.

## JURISDICTION AND VENUE

5. KSD admits that the Complaint purports to assert claims arising under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims, but denies that there is any legal or factual basis for any such claims or that Plaintiff is entitled to any damages or relief.

6. KSD admits that the Complaint purports to assert claims arising under West Virginia Law, and that this Court may, in its discretion, exercise supplemental jurisdiction over these breach of contract and conversion causes of action.

7. KSD admits that this Court has personal jurisdiction over KSD.

8. KSD admits that venue is proper in this district.

## THE ASSERTED PATENT

9. KSD admits that the face of United States Patent No. 6,578,559 B2 ("the '559 Patent") indicates that it is entitled "Methane Gas Control System" and was issued on June 17, 2003. KSD lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and, therefore, denies them.

10.     KSD admits that the '559 Patent is directed to a system and method of elimination of methane gas from a source.  KSD lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and, therefore, denies them.

11.     KSD lacks information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies them.

## FACTUAL BACKGROUND

12.     KSD admits that on its face the '559 Patent claims priority to a U.S. provisional patent application, serial number 60/229,054, but lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and, therefore, denies them.

13.     No answer to paragraph 13 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

14.     No answer to paragraph 14 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

15.     No answer to paragraph 15 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

16.     No answer to paragraph 16 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

17.     KSD admits that on its face the '559 Patent indicates that it was filed on Aug. 31, 2001 as serial number 09/944,914, and claimed priority to the provisional application, but lacks

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and, therefore, denies them.

17. No answer to paragraph 18 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

19. No answer to paragraph 19 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

20. KSD admits that on its face the '559 Patent indicates that it issued on Jun. 17, 2003.

21. The allegations of paragraph 21 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations of paragraph 22 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. KSD admits that on or around Jul. 1, 2009, it contacted Comvest and stated that it would not pay a royalty to Comvest for each Extractor that KSD manufactures and sells; but denies the remaining allegations of paragraph 23.

24. KSD admits that on or around Jul. 16, 2009, its counsel, Mr. Zurbuch, contacted Comvest stating that KSD would not pay royalties to Comvest for the manufacture and sale of Extractors; but denies the remaining allegations of paragraph 24.

25. KSD admits that it attempted to settle its dispute with Comvest by negotiating a business arrangement, and that all such attempts failed; but denies the remaining allegations of paragraph 25.

26. KSD admits that on or around Sep. 24, 2009, it received a letter from Comvest demanding that KSD immediately cease and desist from any use of Comvest's proprietary technology and trade secrets, including the invention claimed in the '559 Patent, in KSD's Extractors, and from using Comvest's registered trademark METHANE BUSTER, in connection with the offer for sale and sale of KSD's Extractors; but denies the remaining allegations of paragraph 26.

27. KSD admits that it has manufactured, offered for sale, and sold one or more Extractors since about or around Jul. 1, 2009; but denies the remaining allegations of paragraph 27.

28. KSD denies that it has sold a portion of the Assets without permission and without payment to Comvest.

29. KSD admits that on or around Sep. 24, 2004 it entered into a life insurance agreement with Comvest regarding Prudential Life Insurance Policy number B5 009 015, which on its face is dated Aug. 1, 1999 and states a term period of 20 years.  KSD admits that it agreed to make premium payments on the Prudential Insurance policy.

30. KSD admits that it has ceased making payments for the Prudential Life Insurance Policy, and that the policy has subsequently lapsed; but denies the remaining allegations of paragraph 30.

## COUNT I

### (Breach of Contract)

31. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

32. No answer to paragraph 32 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

33. No answer to paragraph 33 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

34. No answer to paragraph 34 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

35. No answer to paragraph 35 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

36. No answer to paragraph 36 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

37. No answer to paragraph 37 is required because Comvest has failed to state a claim upon which relief can be granted; but to the extent that an answer may be required, the allegations therein are denied.

## COUNT II

### (Alleged Infringement of the '559 Patent)

38.     KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

39.     KSD admits that it manufactured, offers for sale, and sells Extractors; but denies the remaining allegations of paragraph 39.

40.     KSD denies that it has profited from any infringement of the '559 Patent.

41.     KSD denies that any infringement of the '559 Patent has caused or will cause irreparable injury, as damages would suffice to compensate Comvest for such purported harm; KSD denies that Comvest is entitled to any injunctive relief or compensatory damages.

42.     The allegations of paragraph 42 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that any alleged infringement was willful under 35 USC § 284.

43.     The allegations of paragraph 43 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that this case is exception under 35 USC § 285.

## COUNT III

### (Contributory Infringement)

44.     KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

45.     The allegations of paragraph 45 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies the allegations of paragraph 45.

46. The allegations of paragraph 46 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that it has profited from any contributory infringement of the '559 Patent.

47. The allegations of paragraph 47 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that any infringement of the '559 Patent has caused or will cause irreparable injury, as damages would suffice to compensate Comvest for such purported harm; KSD denies that Comvest is entitled to any injunctive relief or compensatory damages.

48. The allegations of paragraph 48 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that any alleged infringement was willful under 35 USC § 284.

49. The allegations of paragraph 49 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that this case is exception under 35 USC § 285.

## COUNT IV

**(Active Inducement of Infringement)**

50. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

51. The allegations of paragraph 51 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that it encourages, intends, or directs its customers' use

of its Extractor such that the KSD customers are infringing the method claims of the '559 Patent, and further denies that its conduct amounts to active inducement of infringement.

52.     The allegations of paragraph 52 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that it has profited from any inducement of infringement of the claims of the '559 Patent.

53.     The allegations of paragraph 53 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that any infringement of the '559 Patent has caused or will cause irreparable injury, as damages would suffice to compensate Comvest for such purported harm; KSD denies that Comvest is entitled to any injunctive relief or compensatory damages.

54.     The allegations of paragraph 54 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that any alleged infringement was willful under 35 USC § 284.

55.     The allegations of paragraph 55 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies that this case is exceptional under 35 USC § 285.

## COUNT V

### (Conversion)

56. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

57. KSD denies that it has sold any portion of the Assets owned by Comvest without the permission of Comvest; KSD further denies that it retained or profited from any funds received from the alleged sales.

58. The allegations of paragraph 58 constitute conclusions of law and Comvest's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, KSD denies the allegations of paragraph 58.

## COMVEST'S PRAYER FOR RELIEF

KSD denies that Comvest is entitled to the relief requested in its Prayer for Relief, or any other relief.

## DEMAND FOR JURY TRIAL

KSD demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND/OR OTHER DEFENSES

KSD's investigation of Comvest's claims and KSD's defenses thereto is ongoing. In answer to Comvest's Complaint, KSD asserts the following affirmative and/or other defenses. Nothing in KSD's listing of these defenses here should be interpreted as imposing on KSD a burden of proof that they would not otherwise have. In addition to the defenses recited below, KSD expressly reserves the right to allege additional defenses as they become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

59. One or more claims of the '559 Patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, those set forth in 35 U.S.C. §§ 101, *et seq.*

**SECOND AFFIRMATIVE DEFENSE**

60. Comvest's right to seek enhanced damages and/or attorney fees for willful and deliberate infringement is limited because KSD had no notice of its alleged infringement prior to the filing of Comvest's complaint.

**THIRD AFFIRMATIVE DEFENSE**

61. Comvest is not entitled to injunctive relief because any alleged injury to Comvest is not immediate or irreparable, and because Comvest has an adequate remedy at law.

**FOURTH AFFIRMATIVE DEFENSE**

62. Plaintiff is estopped from construing one or more claims of the '559 Patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by KSD, because of admissions and statements made to the United States Patent and Trademark Office in the specifications of the '559 Patent and during prosecution of the application leading to the issuances of the '559 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

63. Comvest is barred from enforcing the '559 Patent against KSD under the doctrines of estoppel, waiver, acquiescence, and/or implied license.

**SIXTH AFFIRMATIVE DEFENSE**

64. Comvest lacks standing to assert one or more of the patents-in-suit.

**SEVENTH AFFIRMATIVE DEFENSE**

65. Comvest is barred from enforcing the First and Second Marketing Agreements, and the Life Insurance Agreement against KSD because they were obtained through duress.

**EIGHTH AFFIRMATIVE DEFENSE**

66. Comvest is barred from enforcing the First and Second Marketing Agreements, and the Life Insurance Agreement against KSD because they were obtained through fraud in the inducement.

**NINTH AFFIRMATIVE DEFENSE**

67. Comvest is barred from enforcing the First and Second Marketing Agreements, and the Life Insurance Agreement against KSD because enforcement thereof would be unconscionable.

**TENTH AFFIRMATIVE DEFENSE**

68. Comvest is barred from enforcing the First and Second Marketing Agreements, and the Life Insurance Agreement against KSD because that would be against public policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

69. Comvest is barred from enforcing the First and Second Marketing Agreements, and the Life Insurance Agreement against KSD because those contracts are void.

**KSD ENTERPRISES, LLC'S COUNTERCLAIMS**

KSD Enterprises, LLC ("KSD") alleges for its counterclaims against Comvest Capital, LLC ("Comvest") as follows:

**PARTIES**

1. Counterclaimant KSD is a West Virginia limited liability company whose mailing address is P.O. Box 747, Clarksburg, West Virginia 26302, and whose facility address is Old Route 50E, Clarksburg, West Virginia 26301.

2. Based on assertions by Comvest in the Complaint, Comvest is a West Virginia limited liability company whose mailing address is P.O. Box 2025, Clarksburg, West Virginia 26302, and whose facility address is 735 Genesis Boulevard, Bridgeport, West Virginia 26330.

3. According to the allegations in Paragraph 11 of the Complaint, Comvest claims certain rights arising under the patent laws of the United States and related to U.S. Patent No. 6,578,559 ("the '559 Patent").

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.* and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual justiciable controversy between KSD and Comvest. Subject matter jurisdiction over these counterclaims arises under 28 U.S.C. §§ 1331, 1338(a) and 2201.

5. Comvest is subject to personal jurisdiction in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

**(Declaration of Noninfringement Regarding U.S. Patent No. 6,578,559)**

7. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

8. There exists an actual case or controversy between KSD and Comvest concerning the alleged infringement of the '559 Patent by virtue of the Complaint and the defenses raised in KSD's Answer.

9. KSD does not infringe and has not infringed, contributed to the infringement of, or actively induced others to infringe any claim of the '559 Patent, willfully or otherwise.

10. Comvest's actions with regard to prosecution and assertion of the '559 Patent are exceptional such that KSD is entitled to its costs, expenses, and reasonable attorneys' fees under 35 USC § 285.

11. KSD seeks a declaration from this Court that KSD does not and has not infringed any claim of the '559 Patent.

12. KSD seeks an award of its costs, expenses, and reasonable attorneys' fees to defend Comvest's allegations of patent infringement.

## SECOND COUNTERCLAIM

**(Declaration of Invalidity Regarding U.S. Patent No. 6,578,559)**

13. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

14. There exists an actual case or controversy between KSD and Comvest concerning the validity of the '559 Patent by virtue of the Complaint and the defenses raised in KSD's Answer.

15. Each claim of the '559 Patent is invalid for failure to meet one or more of requirements for patentability specified in 35 U.S.C. §§ 101 *et seq*.

16. Comvest's actions with regard to prosecution and assertion of the '559 Patent are exceptional such that KSD is entitled to its costs, expenses, and reasonable attorneys' fees under 35 USC § 285.

17. KSD seeks a declaration from this Court that all claims of the '559 Patent are invalid.

18. KSD seeks an award of its costs, expenses, and reasonable attorneys' fees to defend Comvest's allegations of patent infringement.

## THIRD COUNTERCLAIM

**(Declaration of Unenforceability Regarding U.S. Patent No. 6,578,559)**

19. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

20. On information and belief, the '559 is unenforceable due to the named inventor's inequitable conduct before the Patent Office, including sales of the claimed invention more than one year prior to the filing date of the patent application.

21. On information and belief, the '559 is unenforceable due to the named inventor's inequitable conduct before the Patent Office, including his failure to name each and every person who made a contribution to the conception of each claim.

22. Comvest's actions with regard to prosecution and assertion of the '559 Patent are exceptional such that KSD is entitled to its costs, expenses, and reasonable attorneys' fees under 35 USC § 285.

23. KSD seeks a declaration from this Court that the '559 patent is unenforceable.

24. KSD seeks an award of its costs, expenses, and reasonable attorneys' fees to defend Comvest's allegations of patent infringement.

## FOURTH COUNTERCLAIM

**(Unjust Enrichment)**

25. KSD repeats, re-alleges, and incorporates by reference its responses to the foregoing Paragraphs as though fully set forth herein.

26. Based on assertions by Comvest in the Complaint, Comvest entered into two marketing agreements with Hadoga dated Jul. 1, 2000 and Aug. 1, 2000 (the "First Marketing Agreement," and the "Second Marketing Agreement," respectively, attached to Comvest's Complaint as Exhibits B and C).

27. On Mar. 16, 2004, the U.S. Bankruptcy Court for the Northern District of West Virginia issued an order authorizing Hadoga to sell certain personal property to KSD. (See Exhibit A).

28. This certain personal property consisted of the following:

    a. 1976 GMC Truck;

    b. 1988 Chevrolet C2500 Truck;

    c. 1989 Ford Super Duty Pickup Truck;

    d. 1990 Chevrolet C2500 Truck;

    e. 1994 Ford F150 Truck;

    f. Computer;

    g. Desks and filing cabinets;

    h. Machine Shop equipment; and

    i. All other personal property except cash, checking accounts and Workers Compensation deposit, accounts receivable, and other vehicle and all diesel automotive inventory.

(Mar. 16, 2004 Assignment, a copy of which is attached as Exhibit B to this Answer and Counterclaim).

29. On March 16, 2004, KSD assigned its rights to purchase the assets of Hadoga under the Bankruptcy Order to Comvest.

30. KSD did not purchase or assume Hadoga's rights and/or obligations under, or interest in, the First and Second Marketing Agreements.

31. Although "all other personal property" was transferred from Hadoga to KSD, and subsequently from KSD to Comvest, the contract rights in the marketing agreements are not

Case 1:09-cv-00170-IMK   Document 12   Filed 01/12/10   Page 17 of 20   PageID #: 122

personal property that is the subject of the Bankruptcy Order, such that KSD did not assume or purchase the rights and obligations under Hadoga's First and Second Marketing Agreement. (See Order Approving Motions to Sell attached as Exhibit C).

32. Upon information and belief, Hadoga's First and Second Marketing Agreements were dissolved in bankruptcy.

33. Since at least 2004, Comvest demanded and accepted payments from KSD totaling at least $600,000 purportedly pursuant to Hadoga's First and Second Marketing Agreements.

34. Comvest was enriched by KSD's payments under Hadoga's agreements; conversely, KSD was impoverished by its payments under Hadoga's agreements.

35. Comvest's demand for and acceptance of payments from KSD pursuant to Hadoga's dissolved First and Second Marketing Agreements was unjustified.

36. Comvest's demand for and acceptance of payments from KSD pursuant to Hadoga's dissolved First and Second Marketing Agreements was unconscionable and was the result of undue influence and duress.

37. For this harm, KSD has no adequate remedy at law, and is entitled to restitution.

38. KSD seeks restitution from Comvest for KSD's payments pursuant to Hadoga's First and Second Marketing Agreements

**PRAYER FOR RELIEF**

WHEREFORE, KSD respectfully requests a judgment and declaration in its favor against Comvest for the following relief:

A. For an order that Plaintiff Comvest Capital, LLC take nothing from KSD by its Complaint in this action;

17

B.  For an order that all claims against KSD and/or related to KSD products in this action be dismissed with prejudice;

C.  For an order declaring that none of the claims of the patents-in-suit are infringed by KSD;

D.  For an order declaring that one or more claims of the patents-in-suit are invalid and/or unenforceable;

E.  For a declaration that this is an exceptional case and that KSD is awarded its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

F.  For an order that Comvest pay restitution to KSD for Comvest's unjust enrichment at KSD's expense under Hadoga's First and Second Marketing Agreements; and

G.  For any and all other relief to which KSD may be entitled, or which the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

KSD demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  January 12, 2010 | Respectfully submitted, |
| | By: |
| Of Counsel: | /s/ Peter G. Zurbuch |
| | Peter G. Zurbuch WV Bar No. 5765 |
| Caitlin Lhommedieu | Attorney for Defendant KSD Enterprises, LLC |
| (motion to be admitted *pro hac vice* pending for Defendant KSD Enterprises, LLC) | BUSCH, ZURBUCH & THOMPSON PLLC |
| MCGUIREWOODS LLP | P.O. Box 1819 |
| Suite 1800 | High & Court Streets |
| 1750 Tysons Blvd. | Elkins, WV  26241 |
| McLean, VA  22102 | Tel:  (304) 636-3560 |
| Tel: 703-712-5489 | Fax: (304) 636-2290 |
| Fax: 703-712-5281 | pzurbuch@bztlaw.com |
| clhommedieu@mcguirewoods.com | |

John S. Hilten
(motion to be admitted *pro hac vice* pending for Defendant KSD Enterprises, LLC)
MCGUIREWOODS LLP
Suite 1800
1750 Tysons Blvd.
McLean, VA  22102
Tel: 703-712-5069
Fax: 703-712-5196
jhilten@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, will send notification of such filing electronically to the registered participants as identified on the Notice of Electronic Filing (NEF):

Gordon H. Copland
WV State Bar No. 828
Michael B. Pallay
WV State Bar No. 9397
STEPTOE & JOHNSON PLLC
Chase Tower, Sixth Floor
P.O. Box 2190
Clarksburg, WV  26302-2190
(304) 624-8000
(304) 624-8183 (facsimile)
Gordan.Copland@steptoe-johnson.com
Mike.Pallay@steptoe-johnson.com

Megan D. Dortenzo
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114
(216) 566-5500
(216) 566-5800
Megan.Dortenzo@ThompsonHine.com

/s/ Peter G. Zurbuch
Peter G. Zurbuch WV Bar No. 5765
BUSCH, ZURBUCH & THOMPSON PLLC
P.O. Box 1819
High & Court Streets
Elkins, WV  26241
Tel:  (304) 636-3560
Fax:  (304) 636-2290
pzurbuch@bztlaw.com