**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

| | | |
|---|---|---|
| **COMVEST CAPITAL, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 1:09-CV-170** |
| | ) | **(Judge Keeley)** |
| **KSD ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMVEST CAPITAL, LLC'S ANSWER TO
KSD ENTERPRISES, LLC'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff Comvest Capital, LLC ("Comvest") answers the First Amended Counterclaim of Defendant KSD Enterprises, LLC ("KSD") as follows:

**PARTIES**

1. Comvest admits the allegations in paragraph 1 of the Counterclaim.

2. Comvest admits the allegations in paragraph 2 of the Counterclaim.

3. Comvest admits the allegations in paragraph 3 of the Counterclaim.

**JURISDICTION AND VENUE**

4. The allegations contained in paragraph 4 of the Counterclaim are legal conclusions to which no response is necessary.

5. The allegations in paragraph 5 of the Counterclaim are legal conclusions to which no response is necessary.

6. The allegations in paragraph 6 of the Counterclaim are legal conclusions to which no response is necessary.

**FIRST COUNTERCLAIM**

7. Comvest admits and denies the allegations in paragraph 7 of the Counterclaim to the same extent it has admitted or denied the incorporated allegations.

8. The allegations in paragraph 8 of the Counterclaim are legal conclusions to which no response is necessary.

9. The allegations in paragraph 9 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

10. The allegations in paragraph 10 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

11. Comvest admits that KSD seeks a declaration from the Court but denies that KSD is entitled to the relief it requests in paragraph 11 of the Counterclaim. Comvest further denies any other allegations, express or implied, in this paragraph.

12. Comvest admits that KSD seeks an award from the Court but denies that KSD is entitled to the relief it requests in paragraph 12 of the Counterclaim. Comvest further denies any other allegations, express or implied, in this paragraph.

**SECOND COUNTERCLAIM**

13. Comvest admits and denies the allegations in paragraph 13 of the Counterclaim to the same extent it has admitted or denied the incorporated allegations.

14. The allegations in paragraph 14 of the Counterclaim are legal conclusions to which no response is necessary.

15. The allegations in paragraph 15 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

16. The allegations in paragraph 16 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

17. Comvest admits that KSD seeks a declaration from the Court but denies that KSD is entitled to the relief it requests in paragraph 17 of the Counterclaim. Comvest further denies any other allegations, express or implied, in this paragraph.

18. Comvest admits that KSD seeks an award from the Court but denies that KSD is entitled to the relief it requests in paragraph 18 of the Counterclaim. Comvest further denies any other allegations, express or implied, in this paragraph.

## THIRD COUNTERCLAIM

19. Comvest admits and denies the allegations in paragraph 19 to the same extent it has admitted or denied the incorporated allegations.

20. Comvest denies the allegations in paragraph 20 of the Counterclaim.

21. Comvest denies the allegations in paragraph 21 of the Counterclaim.

22. Comvest denies the allegations in paragraph 22 of the Counterclaim.

23. Comvest admits the allegation in paragraph 23 of the Counterclaim that KSD seeks a declaration from the Court but denies that KSD is entitled to the relief it requests in this paragraph. Comvest further denies any other allegations, express or implied, in this paragraph.

24.     Comvest admits the allegation in paragraph 24 of the Counterclaim that KSD seeks an award from the Court but denies that KSD is entitled to the relief it requests in this paragraph.  Comvest further denies any other allegations, express or implied, in this paragraph.

## **FOURTH COUNTERCLAIM**

25.     Comvest admits and denies the allegations in paragraph 25 of the Counterclaim to the same extent it has admitted or denied the incorporated allegations.

26.     Comvest admits the allegations in paragraph 26 of the Counterclaim.

27.     Comvest admits that the Order from the U.S. Bankruptcy Court for the Northern District of West Virginia as set forth in Exhibit A to the Counterclaims speaks for itself. Comvest lacks information sufficient to form an opinion as to the truth of the remaining allegations asserted in paragraph 27 of the Counterclaim and Plaintiff denies the same.

28.     Comvest admits that on March 16, 2004, Hadoga sold the assets listed in paragraph 28 of the Counterclaim to KSD in connection with Hadoga's bankruptcy proceedings. Comvest further answers that Exhibit B of the Counterclaim is not the assignment of such assets, but rather Exhibit B of the Counterclaim includes two patent assignments dated March 18, 2003 and August 30, 2001 respectively, and that these two patent assignments speak for themselves. Comvest lacks information sufficient to form an opinion as to the truth of the remaining allegations asserted in paragraph 28 of the Counterclaim and Plaintiff denies the same.

29.     Comvest admits that on March 16, 2004, KSD sold the assets listed in paragraph 28 of the Counterclaim to Comvest.  Comvest lacks information sufficient to form an opinion as to the truth of the remaining allegations asserted in paragraph 29 of the Counterclaim and Plaintiff denies the same.

30.     Comvest denies the allegations in paragraph 30 of the Counterclaim.

31. The allegations in paragraph 31 of the Counterclaim are legal conclusions to which no response is necessary. Comvest further answers that the document attached to the Counterclaim as Exhibit C speaks for itself, and denies the remaining allegations in this paragraph.

32. The allegations in paragraph 32 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

33. Comvest admits that KSD made payments to Comvest since 2004, but denies the remaining allegations in paragraph 33 of the Counterclaim.

34. The allegations in paragraph 34 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

35. The allegations in paragraph 35 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

36. The allegations in paragraph 36 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

37. The allegations in paragraph 37 of the Counterclaim are legal conclusions to which no response is necessary. To the extent a response may be required, Comvest denies the allegations in this paragraph.

38.     Comvest admits that KSD seeks restitution from the Court, but denies that KSD is entitled to the relief it requests in paragraph 38 of the Counterclaim.  Comvest further denies any other allegations, express or implied, in this paragraph.

### First Affirmative Defense

Comvest asserts the affirmative defense that the Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Comvest asserts the affirmative defense that KSD infringes Comvest's U.S. Patent No. 6,578,559 ("the '559 patent").

### Third Affirmative Defense

Comvest asserts the affirmative defense that the '559 patent is valid and enforceable.

### Fourth Affirmative Defense

Comvest asserts the affirmative defense that the First and Second Marketing Agreements are valid and enforceable.

### Fifth Affirmative Defense

Comvest asserts the affirmative defense that the implied contract between Comvest and KSD is valid and enforceable.

### Sixth Affirmative Defense

Comvest asserts the affirmative defense that the Life Insurance Agreement is valid and enforceable.

### Seventh Affirmative Defense

Comvest asserts the affirmative defense that the Counterclaims are barred in whole or in part by the doctrine of unclean hands.

**Eighth Affirmative Defense**

Comvest asserts the affirmative defense that the Counterclaims are barred in whole or in part by KSD's own failure to act diligently and prudently and in good faith.

**Ninth Affirmative Defense**

Comvest asserts the affirmative defense that the Counterclaims are barred in whole or in part because KSD and/or its agent(s) and/or instrumentalities consented to and approved the conduct that forms the basis of the Counterclaims.

**Tenth Affirmative Defense**

Comvest asserts the affirmative defense that the Counterclaims are barred in whole or in part by the doctrines of estoppel, waiver, laches, voluntary payment, and/or account stated.

**Eleventh Affirmative Defense**

Comvest asserts the affirmative defense that the Counterclaims are barred in whole or in part by the applicable statute of limitations.

**Twelfth Affirmative Defense**

Comvest states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available.  Comvest reserves the right to assert additional defenses in the event that discovery or other developments in the litigation or otherwise, indicates that such defenses would be appropriate.

Comvest respectfully requests judgment in its favor on KSD's Counterclaims as follows:

a)  Declare the counterclaims to be dismissed as to Comvest;

b)  Declare that KSD shall bear all costs of this action; and

c)  Grant Comvest all such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of March, 2010.

/s/ Michael B. Pallay
Gordon H. Copland (WV Bar No. 828)
Michael B. Pallay (WV Bar No. 9397)
STEPTOE & JOHNSON PLLC
Chase Tower - Sixth Floor
P. O. Box 2190
Clarksburg, West Virginia, 26302-2190
(304) 624-8000
(304) 624-8183 (Facsimile)
Gordon.Copland@Steptoe-Johnson.com
Mike.Pallay@Steptoe-Johnson.com

Megan D. Dortenzo, Esq.
THOMPSON HINE LLP
127 Public Square, Suite 3900
Cleveland, OH 44114
Phone: 216-566-5500
Fax: 216-566-5800
Megan.Dortenzo@thompsonhine.com

*Attorneys for Comvest Capital LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2010, I electronically filed the foregoing "Comvest Capital, LLC's Answer to KSD Enterprises, LLC's First Amended Counterclaims" with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Peter G. Zurbuch | Caitlin Lhommedieu |
| Busch, Zurbuch & Thompson PLLC | John S. Hilten |
| P.O. Box 1819 | McGuire Woods LLP |
| High & Court Streets | 1750 Tysons Blvd., Suite 1800 |
| Elkins, WV 26241 | McLean, VA 22102 |

      /s/ Michael B. Pallay
      Gordon H. Copland (WV Bar No. 828)
      Michael B. Pallay (WV Bar No. 9397)
      STEPTOE & JOHNSON PLLC
      Chase Tower - Sixth Floor
      P. O. Box 2190
      Clarksburg, West Virginia, 26302-2190
      (304) 624-8000
      (304) 624-8183 (Facsimile)
      Gordon.Copland@Steptoe-Johnson.com
      Mike.Pallay@Steptoe-Johnson.com